IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-727-BO

| | |
|---|---|
| OWEN CREQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FOX NC ACQUISITION LLC d/b/a JIMMY ) | |
| JOHN'S GOURMET SANDWICHES, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant Fox NC Acquisition LLC's ("Jimmy John") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [DE 18], The motion is ripe for adjudication. For the reasons stated herein, defendant's motion to dismiss is GRANTED.

## BACKGROUND

The complaint in this action describes an alleged employment dispute between plaintiff and defendant, his current employer. Plaintiff initiated this action by filing a pro se complaint and a request to proceed *in forma pauperis* with the Court in October 15, 2013. On October 31, the Court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff brings a claim for retaliation against defendant under Title VII of the civil Rights Act of 1964 ("Title VII") based upon his alleged involvement in the "protected activity" of filing one or more lawsuits, including one against Kroger. In his order allowing plaintiff to proceed *in forma pauperis*, Magistrate Judge Gates noted that plaintiff has filed three other lawsuits with this Court. [DE 4 at 2]. Defendant moves to dismiss plaintiff's complaint because it alleges (1) that the Court lacks

subject matter jurisdiction over plaintiff's Title VII claims to the extent plaintiff failed to properly raise them in the charge of discrimination he filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and (2) that to the extent plaintiff exhausted his administrative remedies in this action, the complaint fails to state a claim upon which relief can be granted against defendant.

## DISCUSSION

In the Fourth Circuit, "the scope of Plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, LTD.*, 551 F.3d 297, 300 (4th Cir. 2009). As such, a plaintiff must also include sufficient details in his charge to provide a "factual foundation . . . [for] subsequent litigation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Because of this requirement, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Plaintiff's EEOC charge is limited to one purported "protected activity" which consists of his alleged medical malpractice lawsuit against Dr. Richard Saleeby, Jr. [DE 19-1 at 3]. Plaintiff's EEOC charge makes no mention of any lawsuit against Kroger or any other lawsuit filed against former employers. Therefore, his participation in any lawsuit other than his alleged medical malpractice action against Dr. Saleeby cannot provide the basis for plaintiff's Title VII retaliation claim in this action. Plaintiff's participation in lawsuits filed against former employers is not reasonably related to the medical malpractice lawsuit. The remainder of the particulars alleged by plaintiff in his EEOC charge provide no support for the retaliation allegation in the complaint. Additionally, plaintiff's allegations of co-worker harassment were not mentioned in

2

the EEOC charge and therefore this Court lacks jurisdiction over them. To the extent the allegations in the complaint exceed the limited scope of the EEOC charge, plaintiff's claims are dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

Defendant alleges that the remaining allegations in the complaint fail to state a claim for which relief may be granted. A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In order to state a *prima facie* claim for retaliation under Title VII, plaintiff must show (1) that he engaged in protected activity; (2) that defendant took an adverse action against him that a reasonable employee would find materially adverse; and (3) that defendant took the materially adverse employment action because of the protected activity. *Pittman v. Hunt. Const. Group*, 564 F. Supp. 2d 531, 535 (E.D.N.C. 2008). Here, plaintiff fails to allege that defendant took any materially adverse employment action against him because he engaged in protected

3

activity. There are no facts alleged to suggest that plaintiff's medical malpractice lawsuit involved any violation of Title VII.[1] Accordingly, his involvement with that lawsuit does not constitute "protected activity" under Title VII. *See Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999) (stating that protected activity involves opposing, or participating in an "investigation, proceeding, or hearing" concerning employment practices made unlawful under Title VII). Accordingly, plaintiff's allegations in the complaint about his involvement with other lawsuits fail to show that he engaged in any protected activity which is required to state a claim for retaliation under Title VII. Further, even if plaintiff had properly alleged that he engaged in protected activity, he does not allege that any employee of defendant had knowledge of his protected activities, and therefore his claim fails to properly state a claim for retaliation.

Plaintiff does allege that he had two conversations with his manager related to his claim in this action, but neither interaction provides plaintiff with a viable Title VII retaliation claim. Plaintiff has failed to allege any materially adverse employment action that was taken against him because of these conversations. Although sent home after both conversations, plaintiff states in his complaint that his manager sent him home because business was slow one time and because he failed to abide by workplace hygiene requirements the other time. Although he makes a conclusory allegation that the real reason he was sent home was because of his "employment background," he does not allege that his manager knew of his background, nor does he explain why this would have prompted her to send him home. These allegations without more are insufficient to state a claim for retaliation under Title VII.

Plaintiff's remaining allegations that various employees and customers conspired to remind plaintiff of his past lawsuits do not show that any employee of defendant took any

---

[1] Plaintiff may not rely on the lawsuits he has filed against previous employers because, as discussed above, they are not mentioned in the EEOC charge.

4

materially adverse employment action against plaintiff because he was engaged in protected activity.[2] Accordingly, plaintiff fails to meet the Rule 12(b)(6) standard and his claim must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED in their entirety. The clerk is directed to close the file.

SO ORDERED.

This the 23 day of February, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's allegations that his co-workers pushed, bumped, reached over him, hit him with their elbows, and engaged in other conduct to bother him does not support a claim because Title VII provides no remedy for such claims as the statute is not a "general civility code." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

5